IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:18-CV-1-FL

| | | |
|---|---|---|
| MOLLY YATES, individually, next-of-kin, personal representative and widow of BRADLEY YATES, | ) ) ) ) | |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| TYREE DAVIS, current chief of the Enfield N.C. Police Department, in his individual and official capacity; WILLIE TILLERY, former chief of the Enfield, N.C. Police Department, in his individual and official capacity; WES TRIPP, sheriff of Halifax County, in his individual and official capacity; WILLIE HAMMIEL, officer of the Enfield Police Department in his official and individual capacity; JASON KETTER, Deputy Sheriff of Halifax County, in his official and individual capacity; and SERGEANT CHRISTOPHER BODEN, Deputy Sheriff of Halifax County, in his official and individual capacity | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on motion to dismiss filed by defendants Christopher Boden ("Boden"), Jason Ketter ("Ketter"), and Wes Tripp ("Tripp") (collectively "sheriff defendants"). (DE 9). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted.

**BACKGROUND**

Plaintiff initiated this action November 6, 2017, in the General Court of Justice, Superior Court Division, for Halifax County, North Carolina, asserting federal claims under 42 U.S.C. § 1983 ("Section 1983"), claims under the North Carolina Constitution, and North Carolina common law claims sounding in negligence and wrongful death. The case arises from the death of Bradley Yates ("Yates"), which allegedly occurred as the Halifax County Sheriff's Department investigated a domestic disturbance at the Yates residence. According to the complaint, deputies handcuffed Yates and required him to lay face down on the floor, which caused or exacerbated breathing problems that led to Yates's death.

The clerk of Halifax County Superior Court issued summonses for defendants Boden, Ketter, and Tripp November 9, 2017. (DE 9-1 at 12, 16, & 20). Plaintiff hired a private investigator or process server, who delivered a copy of the complaint and summons to Tripp by hand. (DE 11 ¶ 3; DE 25 at 2). Defendant Boden was not served personally, but found a copy of the summons and complain in his work mailbox at the Halifax County Sheriff's Office. (DE 13 ¶ 3; DE 25 at 2). Defendant Ketter first received notice of this action via phone call from defendant Tripp, and, in early December, Ketter was provided a copy of the complaint by defense counsel during a meeting. (DE 12 ¶ 3). Ketter was not otherwise served with any process.

The sheriff defendants seek dismissal on grounds that they have not been served with process and that this court, therefore, lacks personal jurisdiction over them. In support of the motion, the sheriff defendants rely upon their affidavits and exemplified file from Halifax County Superior Court pertaining to this case.

**DISCUSSION**

A.     Standards of Review

"When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). Where defendant disputes jurisdiction through affidavits or otherwise, plaintiff may not rest on mere conclusory allegations. See McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983). Rather, plaintiff must come forward with affidavits or other evidence to counter defendants' arguments. See id. (affirming dismissal under Rule 12(b)(2) where, "[a]gainst the defendants' affidavits," a plaintiff "offered nothing beyond his bare allegations that the defendants had . . . significant contacts" with the forum state). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process. "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process has been properly served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th

Cir. 1993) (holding the plaintiff must prove service of process if challenged).

B.   Analysis

Proper service of process (or waiver of service under Rule 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). A party may effect service under Federal Rule of Civil Procedure 4(e)(1) by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" North Carolina law requires that where a party to be served is a sheriff, service of summons must be effected by the county coroner, or, if the county has no coroner, by the clerk of court or the clerk's designee. N.C. Gen. Stat. § 162-16.

Where the sheriff defendants were not served in the manner required by N.C. Gen. Stat. § 162-16, the court lacks personal jurisdiction to hear claims against them. See Murphy Bros., 526 U.S. at 350. Plaintiff advances no argument to the contrary, but requests that any dismissal be without prejudice. The sheriff defendants take no position regarding whether dismissal should be with or without prejudice. Accordingly, while claims against the sheriff defendants must be dismissed for lack of personal jurisdiction, said dismissal shall be without prejudice.

**CONCLUSION**

For reasons noted, motion to dismiss filed by defendants Boden, Ketter, and Tripp, (DE 9), is GRANTED. Claims against said defendants are DISMISSED WITHOUT PREJUDICE. Stay of initial order regarding planning and scheduling, entered March 1, 2018, is LIFTED. Rule 26(f) conference among the remaining parties must occur within 21 days hereof, in accordance with terms and further deadlines set forth in initial order entered February 5, 2018.

SO ORDERED, this the 16th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge