IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CV-1-FL

| | | |
|---|---|---|
| MOLLY YATES, individually, next-of-kin, personal representative and widow of BRADLEY YATES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TYREE DAVIS, current chief of the Enfield N.C. Police Department, in his individual and official capacity; WILLIE TILLERY, former chief of the Enfield, N.C. Police Department, in his individual and official capacity; and WILLIE HAMMIEL, officer of the Enfield Police Department in his official and individual capacity, | ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants.[1] | ) | |

This matter is before the court on plaintiff's motion for extension of time to file amended complaint and motion to amend the complaint, (DE 31), and defendants Tyree Davis, Willie Hammiel, and Willie Tillery's ("current defendants") motion to strike plaintiff's amended complaint, (DE 33). No response to either motion has been filed and the time to do so has elapsed. For reasons noted, plaintiff's motion is denied as moot and current defendants' motion is granted.

**BACKGROUND**

Plaintiff initiated this action November 6, 2017, in the General Court of Justice, Superior Court Division, for Halifax County, North Carolina, asserting federal claims under 42 U.S.C. §

---

[1] The court constructively amends the caption to name only current defendants.

1983, claims under the North Carolina Constitution, and North Carolina common law claims sounding in negligence and wrongful death.

On January 29, 2018, former defendants Christopher Boden ("Boden"), Jason Ketter ("Ketter"), and Wes Tripp ("Tripp") (collectively "former defendants") filed motion to dismiss, which the court granted on July 16, 2018, dismissing former defendants without prejudice for failure of plaintiff to serve said defendants with proper service of process. (See DE 25 at 4 ("Proper service of process (or waiver of service under Rule 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant")). On February 1, 2018, current defendants filed answer. (DE 15). On August 22, 2018, case management order was entered, providing that "[a]ny motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by plaintiff by October 1, 2018." (DE 27 at 6).

On November 5, 2018, plaintiff filed amended complaint, naming both current and former defendants as well as "Halifax County Emergency Services, in their official capacity" ("Halifax Services"). (DE 30 at 1). No attachments were filed with the November 5, 2018 document. On the next day, November 6, 2018, plaintiff filed motion for extension of time to amend complaint and motion for extension of time to file amended complaint, stating only, without reason, that plaintiff seeks order extending time to amend complaint up to and through November 30, 2018. (DE 31). Also on November 6, 2018, plaintiff filed an additional complaint, naming only former defendants and Halifax Services, with proposed summons for each attached. (DE 32). The November 5, 2018 amended complaint and November 6, 2018 complaint, in addition to naming different defendants, contain different claims. (Compare DE 30 with DE 32).

On November 14, 2018, current defendants filed the instant motion to strike plaintiff's

2

November 5, 2018 amended complaint, to which plaintiff filed no response.

## DISCUSSION

A.     Standards of Review

"A party may amend its pleading once as a matter of course … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(b). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Additionally, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

B.     Analysis

Plaintiff filed her amended complaint 280 days after the filing of the former defendants' motion to dismiss and 277 days after the filing of current defendants' answer to the original complaint. (DE 9; DE 15; DE 30). Plaintiff filed an additional complaint one day after her amended complaint that named different defendants and asserted different claims from the complaint filed the previous day. (DE 32).

Here, plaintiff's amended complaint and complaint were filed over a month after the deadline for such filing had elapsed as set by the court's case management order. These filing could not have been filed as a matter of course, and plaintiff did not seek opposing party's consent or the court's leave to file. In addition to disregarding federal rules and the court's case management order, plaintiff's filings have been in contravention to local rules, where plaintiff's motion for extension of time did not "show good cause, prior consultation with opposing counsel and the views of

opposing counsel" nor did it include "separate proposed order granting the motion." (See DE 31; Local R. of Civil Procedure 6.1(a); see also Electronic Case Filing Administrative Policies and Procedures Manual at section V.E.1.(b) (directing parties to file memoranda of law in support of motions as separate docket entries)). The court additionally notes plaintiff filed her initial disclosures inconsistent with local rules directing "discovery materials not to be filed unless ordered or needed." (See DE 37; Local R. of Civil Procedure 26.1). The court has previously directed plaintiff to file in accordance with local rules.[2]

Plaintiff's disregard for the controlling federal rules, prior scheduling orders, local rules of the court, in addition to plaintiff's refusal to seek opposing counsel's consent or leave of the court, warrant granting current defendants' motion to strike and denying as moot plaintiff's motion for extension of time.

## CONCLUSION

For reasons noted, current defendants' motion to strike is GRANTED. (DE 33). Plaintiff's amended complaint (DE 30) is STRICKEN. In addition, plaintiff's complaint (DE 32) is STRICKEN. Plaintiff's motion for extension of time is DENIED AS MOOT. (DE 31).

SO ORDERED, this the 11th day of December, 2018.

LOUISE W. FLANAGAN
United States District Judge

---

[2] The clerk's office previously has issued notices of deficiencies regarding plaintiff's filings on the following days: March 1, 2018; March 26, 2018; March 28, 2018.