IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CV-1-FL

|  |  |  |
|---|---|---|
| MOLLY YATES, individually, next-of-kin, personal representative and widow of BRADLEY YATES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TYREE DAVIS, current chief of the Enfield N.C. Police Department, in his individual and official capacity; WILLIE TILLERY, former chief of the Enfield, N.C. Police Department, in his individual and official capacity; and WILLIE HAMMIEL, officer of the Enfield Police Department in his official and individual capacity, | ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on plaintiff's motion for relief from order of dismissal, (DE 40), and plaintiff's motion to remand (DE 46). Previously-dismissed defendants Wes Tripp, Jason Ketter, and Christopher Boden ("former defendants") have filed opposition to the former motion. No response to the latter motion has been filed, and the time to do so has elapsed. For reasons noted, plaintiff's motion for relief is denied and plaintiff's motion to remand is granted.

## BACKGROUND

Plaintiff initiated this action November 6, 2017, in the General Court of Justice, Superior Court Division, for Halifax County, North Carolina, asserting federal claims under 42 U.S.C. § 1983, claims under the North Carolina Constitution, and North Carolina common law claims

sounding in negligence and wrongful death. On January 2, 2018, defendants Tyree Davis, Willie Hammiel, and Willie Tillery's ("current defendants") removed this action pursuant to federal question jurisdiction in that plaintiff "has based certain [] claims for relief against Defendants, by virtue of and under the United States Constitution, and provisions of federal law, including 42 U.S.C. §1983." (DE 1¶ 2).

On January 29, 2018, former defendants filed motion to dismiss, which the court granted on July 16, 2018, dismissing former defendants without prejudice for failure of plaintiff to serve said defendants with proper service of process. On February 1, 2018, current defendants filed answer. (DE 15). On August 22, 2018, case management order was entered, providing that "[a]ny motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by plaintiff by October 1, 2018." (DE 27 at 6).

On November 5, 2018, plaintiff filed amended complaint, naming both current and former defendants as well as "Halifax County Emergency Services, in their official capacity." (DE 30 at 1). No attachments were filed with the November 5, 2018, document. On the next day, November 6, 2018, plaintiff filed motion for extension of time to amend complaint and motion for extension of time to file amended complaint, stating only, without reason, that plaintiff seeks order extending time to amend complaint up to and through November 30, 2018. (DE 31). Also on November 6, 2018, plaintiff filed an additional complaint, naming only former defendants and Halifax Services, with proposed summons for each attached. (DE 32). The November 5, 2018, amended complaint and November 6, 2018, complaint, in addition to naming different defendants, contain different claims. (Compare DE 30 with DE 32). On November 14, 2018, current defendants filed motion to strike plaintiff's November 5, 2018, amended complaint, to which plaintiff filed no response.

On December 12, 2018, the court granted current defendants' motion to strike, striking plaintiff's amended complaint (DE 30) and complaint (DE 32), and denying as moot plaintiff's motion for extension of time, holding "[p]laintiff's disregard for the controlling federal rules, prior scheduling orders, local rules of the court, in addition to plaintiff's refusal to seek opposing counsel's consent or leave of the court, warrant granting current defendants' motion to strike and denying as moot plaintiff's motion for extension of time." (DE 38 at 4).

On January 7, 2019, new counsel for plaintiff filed appearance.[1] On January 14, 2019, plaintiff filed the instant motion for relief from the court's July 16, 2018 order, dismissing former defendants without prejudice. Plaintiff argues that "plaintiff Molly Yates the widow of the deceased, should not be penalized from having her day in court for the failure of her former counsel to properly serve process over the Halifax County Sheriff and his two (2) deputies," (DE 40 at 2), and seeks the court allow plaintiff one year to refile her claims against dismissed defendants pursuant to the North Carolina savings clause, see N.C. R. Civ. P. 41(b); N.C. Gen. Stat. § 1A-1, Rule 41(b). No other argument is offered. Former defendants filed opposition to which plaintiff filed no reply.

Thereafter, on February 4, 2019, plaintiff filed consent stipulation of dismissal without prejudice as to all federal claims against current defendants, (DE 44), as well as motion to remand remaining state-law claims back to state court for lack of federal subject matter jurisdiction, (DE 46).

## DISCUSSION

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).

---

[1] Plaintiff's previous counsel, Abraham Penn Jones, has not filed motion to withdraw from this action or notice of withdrawal from this action.

Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside.  See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam).  If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Here, plaintiff has failed to address any of the threshold requirements under Rule 60(b) and requests only, almost six months after entry of the court's order, that the court amend its original order by adding a savings provision, in accordance with North Carolina General Statute 1A-1, 41(b).

The statue states as follows:  "If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal."  N.C. Gen. Stat. 1A-1, 41(b) (emphasis added).  Plaintiff did not request application of the North Carolina savings clause, and the court did not so specify in its July 16, 2018 order.  See Topshelf Mgmt., Inc. v. Campbell-Ewald Co., 203 F. Supp. 3d 608, 612 (M.D.N.C. 2016) ("The law was clear at the time of dismissal that it was Topshelf's burden to request a savings clause, had it desired one.").  Because plaintiff has failed to meet any of the requirements for relief under Rule 60(b), plaintiff motion for relief is denied.

In light of plaintiff and current defendants' consent stipulation of dismissal without prejudice of all federal claims against current defendants, the court dismisses without prejudice plaintiff's federal claims against current defendants.  Because the only remaining claims arise under state law,

the court is without federal question jurisdiction over this cause of action, and plaintiff's motion to remand plaintiff's state-law claims is granted.

## CONCLUSION

Plaintiff's motion for relief is DENIED. (DE 40). The court DISMISSES WITHOUT PREJUDICE plaintiff's federal claims against current defendants. The court GRANTS plaintiff's motion to remand regarding plaintiff's state-law claims. (DE 46). These claims are REMANDED to the General Court of Justice, Superior Court Division, Halifax County, North Carolina. The clerk is DIRECTED to deliver a certified copy of this court's order, together with a copy of the court's final judgment via U.S. Mail to the Halifax County Clerk and then to CLOSE this case.

SO ORDERED, this the 11th day of March, 2019.


LOUISE W. FLANAGAN
United States District Judge